UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWIN N. GONZALEZ,

    Petitioner,

    v.

TIMOTHY BUSBY, Warden,

    Respondent.
    _____/

No. C-12-0124 EMC (pr)

**ORDER TO SHOW CAUSE**

## I. INTRODUCTION

Edwin N. Gonzalez, an inmate at the Correctional Training Facility in Soledad, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## II. BACKGROUND

Gonzalez is serving a sentence of 40 years to life in prison on a murder conviction. In this action, Gonzalez challenges a prison disciplinary decision made while he was incarcerated at Ironwood State Prison. The petition and attachments thereto provide the following information:

Gonzalez's cell was searched on November 18, 2009, and a cell phone was found in it. Two days later, a CDC-115 rules violation report ("CDC-115") was issued that charged him with possession of a cell phone. A hearing was held on the CDC-115 on November 25, 2009, at which time Gonzalez took responsibility for the contraband but disputed the classification of the incident as a Division F serious offense. He argued that the cell phone was inoperable, had no service, and was missing accessories. He was found guilty. Gonzalez appealed. At the director's level review of his

administrative appeal, the reviewer found that Gonzalez's right to an impartial decision-maker was violated (because the hearing officer had witnessed the confiscation of the cell phone) and ordered that prison officials re-issue the CDC-115 and hold a new hearing.

A new CDC-115 for the same offense was issued on June 4, 2010. Gonzalez requested an investigative employee to assist him in proving the cell phone was inoperable. The request for an investigative employee was denied. On June 11, 2010, the new hearing took place. Gonzalez again took responsibility for the phone and again objected to the classification of the offense as a Division F serious offense. He again argued that the phone "was useless and harmless" and that the offense should be classified as only an administrative offense. Docket # 1, p. 7. Gonzalez was found guilty of a Division F Serious offense, and assessed a 30-day time credit forfeiture. Docket # 1, p. 54.

Gonzalez filed petitions for writ of habeas corpus in the California courts raising the same issues as raised in this petition. The California Supreme Court denied his petition on November 16, 2011. *See* Docket # 1, p. 2. Gonzalez then filed this action.

### III. DISCUSSION

A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant habeas relief for state law errors. *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011). Although the present action challenges an administrative decision rather than the judgment of conviction, § 2254 applies because the Petitioner is in custody pursuant to the judgment of a State court. *See White v. Lambert*, 370 F.3d 1002, 1006-08 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 552 (9th Cir. 2010) (en banc).

1    An inmate in California is entitled to due process before being disciplined when the
2 discipline imposed causes an "atypical and significant hardship on the inmate in relation to the
3 ordinary incidents of prison life" or will "inevitably affect the duration of his sentence." *Sandin v.*
4 *Conner*, 515 U.S. 472, 484, 487 (1995). The process due in such a prison disciplinary proceeding
5 includes written notice, time to prepare for the hearing, a written statement of decision, allowance of
6 witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the
7 inmate is illiterate or the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974).
8 Due process also requires that there be "some evidence" to support the disciplinary decision.
9 *Superintendent v. Hill*, 472 U.S. 445, 454 (1985).

10    Gonzalez alleges four claims in his petition: First, he alleges that the re-issued CDC-115
11 violated his right to due process because it was issued under a regulation that contained no time
12 limitation. Docket # 1, p. 8. According to Gonzalez, a state regulation requires that the original
13 CDC-115 must be issued within 15 days after the offense is discovered by prison staff, but does not
14 impose that same time limitation for a re-issued CDC-115. Here, the re-issued CDC-115 was issued
15 22 days after the director's level decision directed that it be re-issued and within 15 days of the
16 prison receiving the director's level decision. *See* Docket # 1, p. 39.

17    This claim must be dismissed because it is, at most, a state law error claim. Notwithstanding
18 Gonzalez's labeling of the claim as a claim for a violation of his right to due process, the procedural
19 protections mandated by *Wolff* and *Superintendent v. Hill* do not include any time constraints on the
20 issuance or re-issuance of a disciplinary charge. *Wolff* does impose a requirement that the inmate be
21 provided time to prepare for the hearing, but that requirement pertains to the minimum amount of
22 time prison officials may give the inmate to prepare, rather than the maximum amount of time
23 charges may be pending or the maximum amount of delay between the offense and the notice of the
24 charge. *See Wolff*, 418 U.S. at 564 ("At least a brief period of time after the notice, no less than 24
25 hours, should be allowed to the inmate to prepare for the appearance"). Due to the absence of any
26 federal due process right to have the CDC-115 re-issued at any particular time, federal habeas relief
27 is unavailable based on the alleged failure to re-issue the CDC-115 within 15 days of the director's
28 level decision. The claim is dismissed without leave to amend.

3

1  Second, Gonzalez alleges that the denial of his request for an investigative employee violated
2 his right to due process and denied him his right to present evidence in mitigation of the charge.
3 Docket # 1, p. 10. Liberally construed, this claim is cognizable and warrants a response. *See Wolff*,
4 418 U.S. at 566 (inmate should be allowed to call witnesses and present documentary evidence
5 within limits); *id.* at 570 (inmate should be provided assistance within limits).

6  Third, Gonzalez alleges that the CDCR disregarded his right to an impartial decision-maker
7 at the review level because Captain Pollard was not an impartial reviewer. Although the *Wolff*
8 procedural protections do not include a requirement of an unbiased decision-maker, the Supreme
9 Court has recognized that as a basic requirement of due process in other contexts: a "'fair trial in a
10 fair tribunal is a basic requirement of due process.' . . . This applies to administrative agencies
11 which adjudicate as well as to courts." *Withrow v. Larkin*, 421 U.S. 35, 46 (1975) (citations
12 omitted) (combination of investigative and adjudicative functions does not necessarily show a biased
13 decision-maker); *see also Morrissey v. Brewer*, 408 U.S. 480, 489 (1972) (due process requires
14 neutral and detached decision-maker for parole revocation hearing). Liberally construed, this claim
15 is cognizable and warrants a response.

16  Fourth, Gonzalez contends that the "'preponderance of evidence' standard test and the 'some
17 evidence' standard test do not apply to uphold a finding of guilt when the CDCR has in its
18 possession evidence that reduces the charged violation offense but capriciously and maliciously
19 refuses inmates to show it in support of their defense." Docket # 1, p. 14. Gonzalez's argument that
20 a standard other than the "some evidence" standard should be applied fails because the Supreme
21 Court has determined that the "some evidence" standard is the applicable standard to a disciplinary
22 decision, *see Superintendent v. Hill*, 472 U.S. at 454, and this court must follow that precedent. An
23 inmate may challenge the sufficiency of the evidence to support the decision but, even with liberal
24 construction, Gonzalez's fourth claim cannot be construed to be an argument that there was not some
25 evidence to support the decision. The claim must be dismissed.
26 ///
27 ///
28 ///

4

## IV. CONCLUSION

For the foregoing reasons,

1. The petition's second and third claims warrant a response. The first and fourth claims are dismissed.

2. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **June 29, 2012**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **August 3, 2012**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

7. Petitioner's *in forma pauperis* application is **GRANTED**. (Docket # 6, # 7.)

IT IS SO ORDERED.

Dated: April 6, 2012

EDWARD M. CHEN
United States District Judge

5