UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN N. GONZALEZ, | No. C-12-0124 EMC (pr) |
| Petitioner, | |
| v. | **ORDER DENYING RESPONDENT'S MOTION TO DISMISS** |
| TIMOTHY BUSBY, Warden, | **(Docket No. 10)** |
| Respondent. / | |

Edwin N. Gonzalez, an inmate at the Correctional Training Facility in Soledad, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a prison disciplinary decision. Respondent has moved to dismiss the petition. The motion to dismiss is patently meritless and must be denied.

Respondent inexplicably argues that "Gonzalez does not invoke federal habeas corpus jurisdiction." Motion To Dismiss, p. 1. The petition did "invoke" federal habeas jurisdiction by citing 28 U.S.C. § 2254 on the first page of the form habeas petition, and by identifying in the text that the rights allegedly violated were federal due process rights. With regard to the denial of the investigative employee, the petition alleged that Gonzalez's "right to present a defense and to present mitigation evidence, by means of appointment of an [investigative employee], was ignored depriving him of due process of law." Docket # 1, p. 10. In the discussion of that claim in the petition, Gonzalez cited *Wolff v. McDonnell*. Docket # 1, p. 10. The procedural protections listed in *Wolff v. McDonnell*, 418 U.S. 539 (1974), include allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the

issues are complex. *Id.* at 566, 570.  With regard to Gonzalez's biased decisionmaker claim, the petition alleged that the "right to Impartial Decision Maker is well established by the Federal and State Courts in the case Wolf v. McDonnell, supra," and alleged that "the I.S.P. Officers has maliciously disregarded the safe guard protection of the due process."  Docket # 1, pp. 12-13 (errors in source).  The citation to *Wolff* was incorrect because the procedural protections identified in *Wolff* do not include an unbiased decisionmaker, but the allegations that the right to an unbiased decisionmaker was established by federal courts and that prison officials violated Gonzalez's right to due process were sufficient to allege a federal due process claim for a biased decisionmaker.  Not only did Gonzalez allege two federal due process claims, the Court specifically so stated in the Order To Show Cause.  This Court has federal question jurisdiction to decide whether Gonzalez's Fourteenth Amendment due process rights were violated in the disciplinary proceedings.  *See* 28 U.S.C. §§ 1331, 2254.

Respondent also urges that, because there are state regulations pertaining to investigative employees and appropriate decision-makers, resolution of the claims is governed by state law.  *See, e.g.,* Motion To Dismiss, p. 2 ("Because the resolution of Gonzalez's claim that he was entitled to an investigative employee depends on state law, Gonzalez has not stated a cognizable federal claim.")  That is legally incorrect.  State laws and state regulations simply do not displace or preempt federal constitutional rights; if there is any preemption, the Supremacy Clause would require the converse.  *See* U.S. Const. art. VI ("[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land.")  Arguments about compliance with, or violation of, state laws are largely beside the point in a federal habeas action because a federal court does not have authority to grant habeas relief for state law errors.  *See generally Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (fact that evidence was incorrectly admitted under state law "is no part of a federal court's habeas review of a state conviction"); *Gilreath v. Hanks*, 95 F.3d 1154 (7th Cir. 1996) (table case) ("In determining whether to grant a petition for habeas corpus, we do not review whether the trial judge acted in compliance with state law"); *Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994), *overruled on other grounds in Sandin v. Conner*, 515 U.S. 472, 484

(1995) (§ 1983 action - whether a due process violation occurred in prison disciplinary proceedings is determined with reference to *Wolff* and its progeny, rather than the state law rules).

Finally, using a motion to dismiss to present evidence and argue the merits of the case – as respondent has done – is improper. Threshold problems (such as lack of jurisdiction, failure to exhaust, improper venue, lack of custody, mootness, and untimeliness) may be raised by motion rather than in the answer. *See Lonchar v. Thomas*, 517 U.S. 314, 325 (1996) (quoting Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989). However, these authorities do not support the view that the merits should be addressed in a motion to dismiss. Using a motion to dismiss to address the merits of a claim potentially gives the respondent two bites at the apple because he can renew and improve his argument in his answer to the petition if he loses at the motion to dismiss stage. Such a procedure also leads to the unnecessary consumption of judicial resources because it requires the Court to address the same issues twice in the same case.

For the foregoing reasons, the motion to dismiss is **DENIED**. (Docket # 10.) In light of the denial of the motion, the Court now sets the following briefing schedule for the answer and traverse called for in the Order To Show Cause: Respondent must file and serve his answer no later than **August 3, 2012.** Petitioner must file and serve his traverse no later than **September 7, 2012**.

IT IS SO ORDERED.

Dated: July 17, 2012

_____
EDWARD M. CHEN
United States District Judge